W. EUGENE DAVIS, Circuit Judge,
dissenting.
I respectfully dissent from the majority’s decision holding that a forklift qualifies as a “motor vehicle” under Louisiana’s uninsured motorist (“UM”) statute, La. Rev.Stat. § 22:1295. I am persuaded that the definition of “motor vehicle” under La. Rev.Stat. § 22:1295(l)(a)(i) necessarily excludes all vehicles which are not designed for use on public highways and required to be registered in Louisiana, and thus excludes forklifts. I reach this conclusion based on the statutory language of Section 1295 and on related Louisiana statutes.
Section 1295(l)(a)(i) provides, in relevant part:
(l)(a)(i) No automobile liability insurance covering liability arising out of the ownership, maintenance, or use of any motor vehicle shall be delivered or issued for delivery in this state with respect to any motor vehicle designed for use on public highways and required to be registered in this state or as provided in this Section unless coverage is provided therein or supplemental thereto, in not less than the limits of bodily injury liability provided by the policy, under provisions filed with and approved by the commissioner of insurance, for the protection of persons insured thereunder who are legally entitled to recover nonpunitive damages from owners or operators of uninsured or underinsured motor vehicles because of bodily injury, sickness, or disease, including death resulting therefrom; however, the coverage required under this Section is not applicable when any insured named in the policy either rejects coverage, selects lower limits, or selects economic-only coverage, in the manner provided in Item (l)(a)(ii) of this Section. In no event shall the policy limits of an uninsured motorist policy be less than the minimum liability limits required under R.S. 32:900, unless economic-only coverage is selected as authorized in this Section.... (emphasis added)
It seems clear to me that the Louisiana legislature intended all instances of “motor vehicle” in this statute to be defined as one “designed for use on public highways and required to be registered in this state.” Within the same statutory subsection, there is no need to repeat the definition each time the term “motor vehicle” is used. Moreover, this reading is consistent with related Louisiana statutes mandating liability insurance.
The Louisiana Motor Vehicle Safety Responsibility Law (“LMVSRL”), La.Rev. Stat. § 32:851 et seq., requires an owner to obtain minimum liability coverage for “[ejvery self-propelled motor vehicle registered in this state,” subject to certain exceptions.[1] Thus, even though the LMVSRL defines “motor vehicle” broadly to include “every self-propelled vehicle (except traction engines, road rollers, farm tractors, tractor cranes, power shovels, and well drillers) and every vehicle which is propelled by electric power obtained from overhead wires but not oper *617 ated upon rails,”[2] the compulsory liability insurance requirement applies only to vehicles which must be registered under Louisiana law. La.Rev.Stat. § 32:851(12) provides that “‘Registration’ includes a registration certificate or certificates and registration plates issued under the laws of this state pertaining to the registration of motor vehicles.”
Louisiana’s vehicle registration laws are found in Title 47 of the Louisiana Revised Statutes. Most relevantly, La.Rev.Stat. § 47:501(A) provides: “Every owner of a motor vehicle, trailer, or semitrailer, or other vehicle intended to be operated upon the public highways in this state shall, before operating the same, apply to the secretary of the Department of Public Safety and Corrections for and obtain the registration thereof and pay the state registration or license tax imposed by this Chapter, ...” (emphasis added). There are certain exemptions to registration even for vehicles which occasionally operate on the highway, but the essential point is that if a vehicle is not intended to be operated upon the public highways, it is not subject to the general motor vehicle registration laws and thus not subject to the requirement to obtain compulsory liability insurance.
Taking the statutory framework as a whole, it is clear to me that a vehicle which is not designed for highway use and not required to be registered is not subject to the compulsory liability insurance requirement under La.Rev.Stat. § 32:861. This is precisely the exemption to UM coverage set out in Section 1295(l)(a)(i) (“any motor vehicle designed for use on public highways and required to be registered in this state”). UM coverage is thus intended to fill a coverage gap in the event another driver fails to obtain mandatory liability insurance as required by the LMVSRL, La.Rev.Stat. § 32:851 et seq. Indeed, the minimum liability limits for UM coverage under Section 1295(l)(a)(i) are established by reference to La.Rev.Stat. § 32:900, part of the LMVSRL.
In short, I conclude from the statutory framework that the Louisiana legislature intended UM coverage to mirror the mandatory coverage required by the LMVSRL. To read the second instance of “motor vehicle” in Section 1295(l)(a)(i) broadly to include even vehicles not designed for use on public highways and not required to be registered in Louisiana would expand the scope of UM coverage far beyond the scope of mandatory liability coverage. Thus, I remain convinced that the phrase “motor vehicle” in Section 1295(l)(a)(i) must be interpreted in all instances as being limited to one “designed for use on public highways and required to be registered in this state.” Accordingly, I would affirm the district court’s holding that the forklift was not a “motor vehicle” and no UM coverage was available under Redland’s policy.

. La.Rev.Stat. § 32:861(A)(1).

. La.Rev.Stat. § 32:851(4).